Michael F. Perley, Esq. Town Attorney, Boston
You have asked whether the membership of a husband as the chairman of a town zoning board of appeals and his wife on the town planning board constitutes a conflict of interests. You have informed us that the planning board and the zoning board of appeals possess the powers set forth under the provisions of the Town Law. Additionally, the town is considering the enactment of new regulations whereby the zoning board of appeals would hear applications for special use permits and reductions in off-street parking requirements. As part of this procedure, the zoning board of appeals would forward the application to the planning board for review, recommendation and input. The proposal, however, confers no appellate jurisdiction to the zoning board of appeals over decisions made by the planning board.
The town planning board has responsibility for the development of the master plan which forms the basis for development in the town (Town Law, § 272-a); if authorized by the town board, advises other town departments and officers prior to the taking of action (id., § 274); and may be given the responsibility to approve site plans (id., § 274-a) and subdivision plans (id., § 276).
The town zoning board of appeals reviews determinations made by administrative officials charged with enforcement of zoning regulations and hears other matters referred to it under the zoning regulations (id., § 267 [2]).
There are no general prohibitions on a husband and a wife serving as officers or employees of the same municipality. The doctrine of compatibility of office concerns whether one person may hold simultaneously two or more offices or positions of employment. It has no applicability under these circumstances. We have found, however, that a member of a local legislative body may not take part in any actions concerning the salary and terms and conditions of employment of his spouse with the local government (Informal Opinion No. 87-9; 1986 Op Atty Gen [Inf] 101). These are matters in which the spouse has a distinctly personal interest. As to decisions of this nature, the spousal relationship may compromise the official's ability to make an impartial judgment and at least creates an appearance of impropriety that must be avoided. The remedy in these circumstances is recusal.
In any event, assuming that the zoning board of appeals has no review authority over decisions made by the planning board, these offices are not incompatible even if held by the same person. The additional jurisdiction granted to the zoning board of appeals under your proposed regulations does not create any conflicts between the duties of the planning board and the zoning board of appeals should one person hold positions on both boards. Under the proposal, the planning board assists the zoning board of appeals by undertaking a review of applications and making recommendations.
We conclude that the membership of a wife on a town planning board and her husband as chairman of the zoning board of appeals does not constitute a conflict of interests.